**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-CR-20104-JB

UNITED STATES OF AMERICA

v.

PHENIL GORDON DESIR

Defendant.
_________________________________/

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), the Court held a hearing on November 10, 2026, to determine whether to detain Defendant Phenil Gordon Desir ("Defendant") before and until the conclusion of trial. The United States of America (the "Government") moved for pretrial detention under 18 U.S.C. § 3142(f)(1), arguing that Defendant poses a risk of flight and danger to the community. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required. As such, the Court **ORDERS** that Defendant be detained before and until the conclusion of trial.

Defendant is charged by way of indictment with conspiracy to provide material support or resources to carry out a violation of 18 U.S.C. § 956(a)(1), resulting in death, under 18 U.S.C. § 2339A(a) (Count 1); providing material support or resources to carry out a violation resulting in death under 18 U.S.C. § 2339A(a) (Count 2); and conspiracy to kill or kidnap a person outside the United States under 18 U.S.C. § 956(a)(1) (Count 3).

The Government must establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required. *United*

*States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). Because the Indictment establishes probable cause for a violation of 18 U.S.C. § 956(a), a rebuttable presumption applies that no condition or combination of conditions will reasonably assure Defendant's appearance as required. *See* 18 U.S.C. § 3142(e)(3)(B). If a defendant comes forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).

Throughout this proceeding, the burden of persuasion is upon the Government to establish by a preponderance of the evidence that Defendant poses a risk of flight. *Quartermaine*, 913 F.2d at 917. In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g). Those factors include the nature and circumstances of the offense, the weight of the evidence against Defendant, the history and characteristics of Defendant, and the nature and seriousness of any danger to a person or to the community caused by Defendant's release.

## I. FINDINGS OF FACT

The evidence adduced at the November 10, 2026 hearing consisted of information contained in the Pretrial Services Report, the Sixth Superseding Indictment, the testimony of Federal Bureau of Investigation ("FBI") agent Baxter Cohen, who is a co-case agent on this matter, and the testimony of Defendant's wife, Ismona Eugene. Pursuant to 18 U.S.C. § 3142(i), the Court makes the following findings of fact and statement of reasons for the detention.

The instant charges follow the assassination of Haitian President Jovenel Moise on July 7, 2021, which the Government proffered culminated from months of planning that began in late 2020. Beginning in January 2021, the conspirators held numerous meetings to recruit individuals,

including Haitian gang leaders and Colombian mercenaries to carry out their plan. On July 7, 2021, Colombian mercenaries stormed the President's residence, killing him and seriously wounding the First Lady.

The Government proffered that Defendant played a significant role in the conspiracy by organizing and participating in meetings with Haitian gang leaders involving the Counter Terrorist Unit ("CTU") and Worldwide Group ("Worldwide"), recruiting support for the planned coup, and facilitating the purchase of weapons. The Government further proffered that Defendant was present when Colombian mercenaries arrived in Haiti. While the evidence of Defendant's participation in the conspiracy is largely dependent on the testimony of cooperating co-conspirators, photographs of him present at the mercenaries' arrival corroborate this testimony, as do other photographs placing him at meetings with other co-conspirators and text messages among them.

The Government further proffered that, following the assassination, Defendant assisted in hiding Marc Antonio Palacios Palacios, the sole surviving Colombian mercenary.

To rebut the presumption, Defendant relies on his lack of prior criminal history, his familial ties to Florida, and his voluntary appearances at Haitian court proceedings in the course of the investigation. Defendant's wife testified that she and Defendant have been married for ten years and that she resides in Sarasota, Florida after seeking asylum from Haiti. She further testified that the couple has two daughters, both of whom are United States citizens. Despite being married for ten years, Defendant's wife noted that she had not seen her husband since May 2021.

**II. STATEMENT OF REASONS FOR DETAINING PHENIL GORDON DESIR**

As set forth above, Defendant is charged with offenses under 18 U.S.C. §§ 2339A(a) and 956(a)(1). A rebuttable presumption arises under 18 U.S.C. § 3142(e)(3)(B) that no condition or

combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.

Defendant's evidence of lack of criminal history, familial ties to Florida, and prior voluntary appearances at Haitian court proceedings is sufficient to rebut the statutory presumption. Nevertheless, the presumption remains relevant to the Court's determination of whether conditions of release would reasonably assure Defendant's appearance.

**a. Nature and Circumstances of the Offenses**

Defendant is charged with participating in a conspiracy involving the assassination of the Haitian President. As mentioned above, the Government proffered that Defendant participated in meetings concerning the planned coup of President Moise and assisted in recruiting individuals to participate in the conspiracy. Though Defendant is not alleged to have engaged in any acts of violence himself, the nature of the conspiracy is inherently violent. The prospect of a life sentence provides Defendant with a substantial incentive to flee. Accordingly, this factor weighs in favor of detention.

**b. Weight of Evidence**

The evidence proffered at the hearing was not specific to Defendant, and the co-case agent who testified had limited ability to elucidate on the Government's proffer. Nonetheless, a grand jury has found probable cause from the evidence presented by the Government for the return of an indictment. The weight of the evidence is sufficient.

**c. History and Characteristics of Defendant**

Defendant has no prior reported criminal history. His wife testified that they have been married for approximately ten years and have two minor children, who are both United States citizens. His wife further testified that he is welcome to live with her and her children at her rented

residence in Sarasota, Florida, if released. She also noted maintaining close familial relationships with nearby friends since 2017 and her intention to assist Defendant in complying with all conditions of release including electronic monitoring and attendance at all court hearings.

Additionally, Defendant presented evidence that he remained in Haiti despite knowing that he was under investigation and appeared in Haitian court when directed to do so. The Court credits this evidence as weighing against the suggestion that Defendant would flee upon learning that authorities were investigating him.

Nevertheless, these considerations do not sufficiently mitigate the risk of nonappearance. Although Defendant's wife and children reside in Florida, Defendant has lived apart from his family for the last five years. Defendant's wife testified that she last saw him in May 2021. The extended period of physical separation diminishes the extent to which those family relationships establish meaningful geographical ties to this District sufficient to assure Defendant's appearance at future hearings.

The Court also recognizes that Defendant previously appeared in Haitian court, which demonstrates a willingness to comply with judicial proceedings. However, the record contains limited details about those cases or appearances. Defendant now faces federal charges and the very real possibility of life imprisonment; indeed four *cooperating* defendants have already received life sentences. Thus, while his prior compliance undermines an inference that he would flee merely because he was under investigation, it does not eliminate the substantial incentive to flee created by the present indictment.

**d. Nature and Seriousness of the Danger Posed by Release**

The charged offenses involve allegations of participation in a conspiracy that culminated in the assassination of a foreign head of state. The allegations are unquestionably grave. Still, the

Government must establish dangerousness by clear and convincing evidence. While the Government proffered evidence of Defendant's involvement in the conspiracy, the case agent who testified could provide only vague descriptions of the evidence of Defendant's guilt. Having considered the evidence presented, the Court finds that the Government has not established by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community.

**e. Conditions of Release and Risk of Flight**

Defendant proposes residing with his wife in Sarasota, submitting to GPS monitoring, and posting a combination of personal and corporate surety bonds. The Court has considered these proposed conditions, together with Defendant's lack of criminal history, his family relationships, and his prior appearances in Haitian court.

Defendant has no ties to this District. Further, although Defendant's family resides in Florida, he has lived apart from them for approximately five years. In Haiti, he works as a lawyer but has no employment history in the United States that might provide him stability while on bond. His wife's willingness to provide housing and supervision is significant, but it does not overcome the substantial risk of nonappearance presented by the circumstances of this case. The Court has also considered the proposed surety bonds but finds that, even in combination with the other proposed conditions, would not sufficiently mitigate the risk of nonappearance.

Accordingly, having considered the statutory presumption, the evidence by both parties, the factors set forth in § 3142(g), and the proposed conditions of release, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required. Pretrial detention is therefore warranted on the basis of risk of flight.

Accordingly, the Court hereby **DIRECTS**:

(a) That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in open court at Miami, Florida, this 10th day of November, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Pretrial Services (Miami)